UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIA L. WHITE,

        Petitioner,

    v.                                      Case No. 20-C-0057

PAULA STOUDT,

        Respondent.

## SCREENING ORDER

On January 13, 2020, Petitioner Mia L. White, who is currently serving a sentence at the Robert E. Ellsworth Correctional Center in Union Grove, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to her Petition, White entered a no contest plea to Possession with Intent to Deliver a Controlled Substance in Racine County Case No. 2010CF207, and Party to the Crime of Robbery in Racine County Case No. 2010CF1368. She was sentenced to 4 years of incarceration, to be followed by 5 years of extended supervision. Presumably, since her Judgment of Conviction was entered on December 8, 2011, she is currently serving time as a result of the revocation of her extended supervision.

Petitioner has also filed with her Petition an Application for Leave to Proceed *In forma Pauperis*. Although it appears that she has sufficient income to pay the filing fee, the expenditures throughout the month leave her with a zero balance. I am satisfied that she lacks sufficient funds to proceed here. Under the circumstances, and since she does not currently have any funds in her regular account, the court will grant the motion to proceed without payment of the filing fee.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that the applicant has exhausted state remedies or there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). In addition, a Petition seeking habeas relief in federal court must be filed within one year of the state court judgment becoming final. Here, it appears from the Petition that the Judgment of Conviction was entered on December 8, 2011. A Notice of Appeal from a Judgment of Conviction must be filed within 20 days of the entry of the Judgment. Wis. Stat. § 809.30(2)(j).

White notes in her Petition that she did not appeal her conviction, nor did she file any motion in state court seeking postconviction relief. It thus follows that not only has she failed to exhaust her state court remedies, but her Petition is untimely. Her state court judgment would have become final by December 29, 2011, more than eight years before she filed her petition in this court. This means that the Petition seeking relief under § 2254 cannot be granted. The Petition is untimely, and the court has no jurisdiction, since Plaintiff has failed to exhaust her state

court remedies. For both of these reasons, the Petition is summarily denied, and the case is dismissed.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS ALSO ORDERED** that the petitioner's request for leave to proceed *in forma pauperis* is **GRANTED**. A certificate of appealability will be **DENIED**. I do not believe that reasonable jurists would believe that the petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment dismissing the case.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, she should also request that the court of appeals issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 28th day of January, 2020.

s/ William C. Griesbach  
William C. Griesbach, District Judge  
United States District Court